UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEVEN A. WILLIAMS, | ) | Case No.  6:06-bk-02895-KSJ |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION OVERRULING
OBJECTION BY FORD MOTOR CREDIT COMPANY TO PLAN

This case came on for hearing on May 8, 2007, to consider the confirmation of the debtor's Second Amended Chapter 13 Plan (Doc. No. 45) and the Objection by Ford Motor Credit Company to the Plan (Doc. No. 20).  In the debtor's Chapter 13 plan (Doc. No. 45), he seeks to surrender a car encumbered by a lien to Ford Motor Credit Company in full satisfaction of the debt.  Ford objects contending that it is entitled to an unsecured deficiency claim for the difference between the debt and the value of the surrendered car.

No factual disputes exist.  In 2003, within 910 days of the filing of this Chapter 13 bankruptcy case, the debtor bought a new Ford Focus.  Ford financed the purchase, and, pursuant to the debtor's schedules, Williams still owes approximately $8,000 for the car.  The debtor values the car at approximately $6,200.

The recently enacted provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), specifically the new, unnumbered hanging paragraph following Section 1325(a)(9) of the Bankruptcy Code,[1] would require the debtor to pay Ford the full remaining debt, $8,000, if he chose to retain the vehicle.  However, the debtor does not seek

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

to keep the car, but, rather, he wants to return, or surrender, the car.  Ford, in its objection, asserts that it is entitled to a deficiency claim for the difference between the value of the car and the remaining debt due.  The debtor argues that no deficiency claim is allowable insofar as BAPCPA provides that creditors holding a 910-car claim, such as Ford, are treated as fully secured creditors and are not entitled to any deficiency claim upon the surrender of a vehicle.

The only issue before the Court, therefore, is whether the hanging paragraph included in the Bankruptcy Code under BAPCPA allows the debtor to surrender his car in full satisfaction of his debt to Ford, or whether, instead, Ford is entitled to assert an unsecured deficiency claim after its collateral is surrendered.

The issue has been well discussed and debated among many bankruptcy courts and one bankruptcy appellate panel has also addressed the issue.  The majority view is that a debtor can surrender a 910-car in full satisfaction of the debt, and, therefore, no deficiency claim is allowed. See, e.g., In re Osborn, 348 B.R. 500 (Bankr. W.D.Mo. 2006) aff'd, No. 06-6061WM, 2007 WL 542435 (B.A.P. 8th Cir. Feb. 23, 2007); In re Pinti, No. 06-35230, 2007 WL 744031 (Bankr. S.D.N.Y. Mar. 13, 2007); In re Brown, 346 B.R. 868 (Bankr. M.D.Fla. 2006).  Because the discourse relating to this issue is fully explained in these and many other cases, this Court has little to add and will simply adopt the majority position.[2]  A creditor holding a claim secured by a car bought within 910 days of the Chapter 13 filing is entitled to be repaid in full if the debtor retains the vehicle but is not entitled to a deficiency claim if the debtor chooses to surrender the car.

---

[2] The Court similarly recognizes that a smaller number of courts have held that creditors with claims secured by cars purchased within 910 days of a Chapter 13 filing are entitled to a deficiency claim upon the surrender of the car. See, e.g., In re Blanco, No. 06-B-13223, 2007 WL 733973 (Bankr. N.D. Ill. 2007); In re Particka, 355 B.R. 616 (Bankr. E.D. Mich. 2006); In re Zehrung, 351 B.R. 675 (Bankr. Wis. 2006).  This Court respectfully disagrees with this conclusion, agreeing that the hanging paragraph is not ambiguous and applies to all sections of 1325(a)(5), including the surrender provision in Section 1325(a)(5)(C) of the Bankruptcy Code.

Accordingly, the Court overrules Ford's objection to the debtor's Second Amended Chapter 13 Plan.  The debtor may surrender his car to Ford in full satisfaction of the debt.  The Court will enter separate order overruling Ford's objection and confirming the debtor's plan.

DONE AND ORDERED in Orlando, Florida, on May 21, 2007.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Steven A. Williams, 1015 Jersey Avenue, St. Cloud, FL  34769

Debtor's Attorney:  Douglas W. Neway, 135 W. Central Blvd., #310, Orlando, FL 32801

Ch 13 Trustee:  Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL  32790

Attorney for Creditor:  Roger A. Kelly, Rush, Marshall, Jones & Kelly, PA, P.O. Box 3146, Orlando, FL  32802-3146